UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNEST BARBOSA,

                                **Plaintiff,**

                    v.                                                  1:08-CV-857
                                                                                      (FJS/RFT)

**JULITA M. JASTRZAB,**

                                **Defendant.**
_____

**APPEARANCES**                                              **OF COUNSEL**

**FELLHEIMER & EICHEN LLP**           **ALAN S. FELLHEIMER, ESQ.**
44 Wall Street, 12th Floor
New York, New York 10005
Attorneys for Plaintiff

**JULITA M. JASTRZAB**                    **NO APPEARANCE**
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff filed this breach of contract action on August 11, 2008. *See* Dkt. No. 1.[1] In his complaint, Plaintiff asserts three causes of action. In his first cause of action, Plaintiff claims that "[t]here existed a valid and enforceable oral contract between . . . Plaintiff and . . . Defendant regarding . . . Plaintiff's loan to . . . Defendant of $25,000.00 in September of 2005." *See* Complaint at ¶ 16. Furthermore, Plaintiff claims that he tendered the $25,000.00 to Defendant as

---

[1] In his complaint, Plaintiff alleges that this Court has jurisdiction over his claims under 28 U.S.C. § 1332 because he is a citizen of the Commonwealth of Pennsylvania, Defendant is a citizen of the State of New York, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* Complaint at ¶ 4.

evidenced by a cancelled check, *see id.* at ¶ 17; that Defendant breached the oral contract by failing to repay the amount she borrowed from him, *see id.* at ¶ 18; and that Defendant's breach of the oral contract injured him in the amount of $25,000.00 plus the lawful rate of interest, *see id.* at ¶ 19.

In his second cause of action, Plaintiff alleges that a valid and enforceable written contract exists between him and Defendant as evidenced by the acknowledgment and promissory note dated September 4, 2006, *see id.* at ¶ 21; that he actually lent the sum of $100,000.00 to Defendant, *see id.* at ¶ 22; that Defendant breached the written contract by failing to repay the amount to him, *see id.* at ¶ 23; and that Defendant's breach of the written contract injured him in the amount of $100,000.00 plus interest at the rate of five percent per annum, *see id.* at ¶ 24.

Finally, in his third cause of action, Plaintiff alleges that a valid and enforceable written contract exists between him and Defendant as evidenced by the acknowledgment and promissory note dated September 27, 2006, *see id.* at ¶ 26; that he actually lent the sum of $37,000.00 to Defendant, *see id.* at ¶ 27; that Defendant breached the written contract by failing to repay him the amount she had borrowed, *see id.* at ¶28; and that Defendant's breach of the written contract injured him in the amount of $37,000.00 plus interest at the rate of six percent per annum, *see id.* at (c).[2]

On September 8, 2008, Plaintiff requested an entry of default, *see* Dkt. No. 5, which the

---

[2] A review of the complaint shows that page 6 of that document is missing.  However, it is clear, based on the allegations in the complaint, that Plaintiff is seeking $37,000.00 plus interest as a result of Defendant's alleged breach of the written contract dated September 27, 2006.

Clerk of the Court entered on September 10, 2008, *see* Dkt. No. 6.[3]  Currently before the Court is

Plaintiff's motion for entry of a default judgment.  *See* Dkt. No. 7.[4]

---

[3] On September 12, 2008, the Clerk of the Court entered an amended Notice of Entry of Default to reflect the complete caption in this case.  *See* Dkt. No. 8.

[4] As a preliminary matter, the Court notes that it is not clear that Plaintiff properly effected service on Defendant.  The Return of Process indicates that the process server served the summons and complaint at Glens Falls Hospital by leaving copies of those documents with Ms. Collette, a co-worker of Defendant.  Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, "an individual . . . may be served . . . by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."  Fed. R. Civ. P. 4(e).  Section 308 of New York Civil Practice Law and Rules, which governs personal service upon a natural person, provides, in pertinent part, that

> [p]ersonal service upon a natural person shall be made . . . by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served **and** by either mailing the summons to the person to be served at . . . her last known residence or by mailing the summons by first class mail to the person to be served at . . . her actual place of business . . . .

N.Y. C.P.L.R. § 308 (emphasis added).

It appears that the process server completed the first step necessary to effect service under § 308, i.e., he "delivered the summons to a person of suitable age and discretion" at Defendant's actual place of business.  *Id.*  However, it does not appear that he completed the second step necessary to effect service properly.  In other words, there is no indication that the process server mailed the summons and complaint to Defendant either at her last known residence or at her actual place of business.  *See id.*

Since insufficient service of process is an affirmative defense, which Defendant must plead and prove, the issue of service does not affect the Court's resolution of Plaintiff's motion for entry of a default judgment.  It could, however, be a ground on which Defendant could rely if she were to move to vacate the entry of a default judgment.

## II. DISCUSSION

A.   **Standard of review**

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted). The inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* Finally, "'it [is] not necessary for the District Court to hold a hearing [to determine damages], as long as it ensured that there [is] a basis for the damages specified in the default judgment.'" *Grabowski v. Gizzi*, No. 8:07-CV-1242, 2008 WL 5244117, *1 (N.D.N.Y. Dec. 15, 2008) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

B.   **Oral agreement dated September 30, 2005**

Plaintiff seeks an entry of a default judgment with respect to the alleged oral agreement that he and Defendant entered into on September 30, 2005, pursuant to which he loaned her $25,000.00, which she agreed to repay in full with interest.[5]

---

[5] Plaintiff acknowledges that the parties did not agree on the rate of interest that was to accrue on the loan.

> Under New York General Obligations Law § 5-701,
>
>> [e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: 1. By its terms is not to be performed within one year from the making thereof . . . .

N.Y. Gen. Oblig. Law § 5-701(a)(1).

Plaintiff does not allege whether his oral agreement with Defendant required her to repay the $25,000.00 in one year or in a series of monthly payments over a period of years. Therefore, it is impossible for the Court to determine whether this oral agreement is "void" under § 5-701(a)(1). Accordingly, the Court denies Plaintiff's motion for a default judgment with regard to this oral agreement on the issue of liability, as well as the issue of damages, with leave to renew.

**C.     Promissory notes dated September 4, 2006, and September 27, 2006**

State law governs the creation of a promissory note, as well as the liability of the maker in an action brought for its enforcement. *See Niles v. Palmer*, No. 97 CIV. 7573, 1999 WL 1419042, *13 (S.D.N.Y. Oct. 22, 1999) (citing *In re Luis Electrical Contracting Corp. v. Rael Automatic Sprinkler Co., Inc.*, 165 B.R. 358, 362 (E.D.N.Y. 1992)). "Under New York law, 'an instrument is a valid negotiable instrument where it is signed by the maker or drawer, contains an unconditional promise or order to pay a sum certain in money, is payable on demand or at a definite time, and is payable to order or to bearer.'" *Id.* (quoting *Plitman v. Leibowitz*, No. 96 Civ. 8883, 1997 WL 217585, at *2 (S.D.N.Y. May 1, 1997) (citing New York Uniform Commercial Code § 3-104 [McKinney 1991])).

### *1. September 4, 2006 promissory note*

The first promissory note for which Plaintiff seeks damages, dated "Charleston 09.04.06," states as follows:

> Ernis Barbosa lend [sic] me as follows:
>
> 1. Check written to me: Julita Jastrzab from MBNA America (loan) and interest pay.
>
> 2. Personal checks from First Federal written to me: Julita Jastrzab
>
> 3. Cash in the amount [sic] of $5,000 (five thousand dollars.
>
> I will pay him 5% interest on above loans.
>
> Total amount [sic] of money lend [sic] is 100000 $ (one hundred thousand dollars)
>
> I will start paying 3 months after begining [sic] to practice medicine full time.  For the first 6 month[s] I will pay 1000 $ one tousant [sic] dollars, then I will pay 1500 $ one tousant [sic] five hundred dollars for next 6 month[s], and then 2 thousand dollars untill [sic] the loan is pay [sic] in full.  There will be no penalty for paying loan earlier.  I am writing this letter without being forced to do it.
>
> [Signed] Julita M. Jastrzab [social security number].

*See* Exhibit "A."

This promissory note appears to meet the requirements for a valid negotiable instrument: it is signed by Defendant, the maker; it contains an unconditional promise to pay a sum certain, $100,000.00; and it is payable at a definite time – Defendant must begin making payments three months after she begins to practice medicine full time and she must continue to make monthly payments until she repays the total amount of the loan plus interest.

There is one problem, however.  The promissory note does not indicate the date on which

Defendant began to practice medicine full time, if, in fact, she has. Without this date, it is impossible for the Court to determine when Defendant's obligation to start making monthly payments began, if it has; and, therefore, the Court cannot determine the total number of monthly payments, if any, for which she is in default. Nor can the Court determine the amount of interest she owes. Therefore, the Court grants Plaintiff's motion for the entry of a default judgment with regard to the September 4, 2006 promissory note on the issue of liability but denies the motion on the issue of damages.

### *2. September 27, 2006 promissory note*

The September 27, 2006 promissory note states as follows:

> I Julita M. Jastrzab [social security number], borrow from Erni Barbosa, on Sep.27.06 money in the amound [sic] of 37000.00 $ (thirty seven thousand $). I will pay this lone [sic] back by paing [sic] $1000.00, starting on 02.01.07 plus 6% intrest [sic] untill [sic] loan is pay [sic] in full. After reading this promisory [sic] note Erni will mail me the chashirs [sic] check for stated above amound [sic].
>
> I am writing this note voluntarily.
>
> [Signed] Julita M. Jastrzab.

*See* Exhibit "B."

This promissory note appears to meet the requirements for a valid negotiable instrument: it is signed by Defendant, the maker; it contains an unconditional promise to pay a sum certain, $37,000; and it is payable at a definite time – monthly payments of $1,000 beginning on February 1, 2007, until Defendant pays the loan in full.

Nonetheless, there is a problem with Plaintiff's motion regarding this promissory note.

Although Plaintiff seeks a default judgment for the full amount of this loan plus interest, Defendant has not, as of the present time, defaulted on the total amount of the loan. Since Defendant was required to make her first monthly payment on this loan on February 1, 2007, at the time that Plaintiff filed this action on August 11, 2008, Defendant had defaulted on 19 monthly payments for a total of $19,000.00 in principal plus whatever interest she owed.[6] Based on the information that Plaintiff has submitted in support of his motion, the Court is unable to determine the amount of the damages to which Plaintiff is entitled with any degree of reasonable certainty. Therefore, the Court grants Plaintiff's motion for default judgment with regard to the September 27, 2006 promissory note on the issue of liability but denies the motion on the issue of damages.

### III. CONCLUSION

After carefully considering the entire file in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for the entry of a default judgment is **GRANTED IN PART and DENIED IN PART**; and the Court further

**ORDERS** that, with respect to the September 30, 2005 oral agreement, Plaintiff's motion for entry of a default judgment is **DENIED** with leave to renew within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, with regard to the September 4, 2006 promissory note, Plaintiff's motion

---

[6] Under the terms of the September 27, 2006 promissory note, it appears that Defendant's final monthly payment would be due on February 1, 2010.

for entry of a default judgment is **GRANTED** with respect to the issue of liability and **DENIED** with respect to the issue of damages; and the Court further

**ORDERS** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file with the Court, and serve on Defendant, an affidavit and supporting documents setting forth the information necessary for the Court to determine the number of monthly payments on which Defendant has defaulted under the terms of the September 4, 2006 promissory note, including the calculation of interest on a monthly basis; and the Court further

**ORDERS** that, with respect to the September 27, 2006 promissory note, Plaintiff's motion for entry of a default judgment is **GRANTED** with respect to liability and **DENIED** with respect to damages; and the Court further

**ORDERS** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file with the Court, and serve on Defendant, an affidavit and supporting documents setting forth the information necessary for the Court to determine the number of monthly payments on which Defendant has defaulted under the terms of the September 27, 2006 promissory note, including the calculation of interest on a monthly basis; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Order on Defendant by regular mail and

shall file a certificate of service with the Court indicating that he has done so.

**IT IS SO ORDERED.**

Dated: March 30, 2009
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge