**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERNEST BARBOSA,**

                                        **Plaintiff,**

                       **v.**                                                **1:08-CV-857**
                                                                              **(FJS/RFT)**
**JULITA M. JASTRZAB,**

                                        **Defendant.**
_____

**APPEARANCES**                                **OF COUNSEL**

**FELLHEIMER & EICHEN LLP**                    **ALAN S. FELLHEIMER, ESQ.**
44 Wall Street, 12th Floor
New York, New York 10005
Attorneys for Plaintiff

**JULITA M. JASTRZAB**                          **NO APPEARANCE**
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Currently before the Court is Plaintiff's renewed motion for entry of a default judgment

against Defendant with respect to the September 2005 oral agreement between Plaintiff and

Defendant.  *See* Dkt. No. 10.  In addition, in accordance with the Court's March 30, 2009

Memorandum-Decision and Order, Plaintiff has filed an affirmation and supporting documents

setting forth the information necessary for the Court to determine the number of monthly

payments on which Defendant had defaulted at the time that Plaintiff filed this action on August

11, 2008, under the terms of the September 4, 2006 promissory note and the September 27, 2006

promissory note, including the calculation of interest that had accrued on these overdue

payments.  *See id.*


## II. BACKGROUND

Plaintiff filed this breach-of-contract action on August 11, 2008.  *See* Dkt. No. 1.  In his

complaint, Plaintiff asserted three causes of action.  In his first cause of action, Plaintiff claimed

that "[t]here existed a valid and enforceable oral contract between . . . Plaintiff and . . . Defendant

regarding . . . Plaintiff's loan to . . . Defendant of $25,000.00 in September of 2005."  *See*

Complaint at ¶ 16.  Furthermore, Plaintiff claimed that he had tendered the $25,000.00 to

Defendant as evidenced by a cancelled check, *see id.* at ¶ 17; that Defendant had breached the

oral contract by failing to repay the amount she borrowed from him, *see id.* at ¶ 18; and that

Defendant's breach of the oral contract had injured him in the amount of $25,000.00 plus the

lawful rate of interest, *see id.* at ¶ 19.

In his second cause of action, Plaintiff alleged that a valid and enforceable written

contract existed between him and Defendant as evidenced by the acknowledgment and

promissory note dated September 4, 2006, *see id.* at ¶ 21; that he had actually loaned the sum of

$100,000.00 to Defendant, *see id.* at ¶ 22; that Defendant had breached the written contract by

failing to repay the amount to him, *see id.* at ¶ 23; and that Defendant's breach of the written

contract had injured him in the amount of $100,000.00 plus interest at the rate of five percent per

annum, *see id.* at ¶ 24.

Finally, in his third cause of action, Plaintiff alleged that a valid and enforceable written

contract existed between him and Defendant as evidenced by the acknowledgment and

promissory note dated September 27, 2006, *see id.* at ¶ 26; that he had actually loaned the sum of

$37,000.00 to Defendant, *see id.* at ¶ 27; that Defendant had breached the written contract by failing to repay him the amount that she had borrowed, *see id.* at ¶ 28; and that Defendant's breach of the written contract had injured him in the amount of $37,000.00 plus interest at the rate of six percent per annum, *see id.* at (c).[1]

On September 8, 2008, Plaintiff requested an entry of default, *see* Dkt. No. 5, which the Clerk of the Court entered on September 10, 2008, *see* Dkt. No. 6.[2]  On September 11, 2008, Plaintiff filed a motion for entry of a default judgment.  *See* Dkt. No. 7.

In a Memorandum-Decision and Order dated March 30, 2009, the Court granted in part and denied in part Plaintiff's motion.  *See* Dkt. No. 9 at 8.  Specifically, the Court denied Plaintiff's motion with respect to the September 2005 oral agreement because it was impossible for the Court to determine whether that agreement was void under New York's Statute of Frauds, *see* N.Y. Gen. Oblig. Law § 5-701(a)(1).  *See* Dkt. No. 9 at 4-5.  However, the Court granted Plaintiff leave to renew his motion for default judgment with respect to this agreement.  *See id.* at 5.

With respect to the September 4, 2006 promissory note, the Court found that "[t]his promissory note appear[ed] to meet the requirements for a valid negotiable instrument: it [was] signed by Defendant, the maker; it contain[ed] an unconditional promise to pay a sum certain,

---

[1] As the Court noted in its March 30, 2009 Memorandum-Decision and Order, a review of the complaint shows that page 6 of that document is missing.  However, it is clear, based on the allegations in the complaint, that Plaintiff is seeking $37,000.00 plus interest as a result of Defendant's alleged breach of the written contract dated September 27, 2006.  *See* Memorandum-Decision and Order dated March 30, 2009, at 2 n.2.

[2] On September 12, 2008, the Clerk of the Court entered an amended Notice of Entry of Default to reflect the complete caption in this case.  *See* Dkt. No. 8.

-3-

$100,000.00; and it [was] payable at a definite time – Defendant must begin making payments three months after she begins to practice medicine full time and she must continue to make monthly payments until she repays the total amount of the loan plus interest." *See id.* at 6. However, the Court noted that there was one problem – "[t]he promissory note [did] not indicate the date on which Defendant began to practice medicine full time, if, in fact, she ha[d] . . . [and] [w]ithout this date, it [was] impossible for the Court to determine when Defendant's obligation to start making monthly payments began, if it ha[d]; and, therefore, the Court [could not] determine the total monthly payments, if any, for which she [was] in default." *See id.* at 6-7.  The Court also concluded that, without this information, it could not "determine the amount of interest [Defendant] owe[d]." *See id.* at 7.  As a result of these problems, the Court granted Plaintiff's motion for entry of a default judgment with regard to this promissory note on the issue of liability but denied the motion on the issue of damages.  *See id.*

With regard to the September 27, 2006 promissory note, the Court concluded that it appeared "to meet the requirements for a valid negotiable instrument: it [was] signed by Defendant, the maker; it contain[ed] an unconditional promise to pay a sum certain, $37,000; and it [was] payable at a definite time – monthly payments of $1,000 beginning on February 1, 2007, until Defendant pa[id] the loan in full." *See id.*  However, the Court found that there was a problem – "[a]lthough Plaintiff seeks a default judgment for the full amount of the loan plus interest, Defendant has not, as of the present time, defaulted on the total amount of the loan." *See id.* at 8.  Due to this problem, the Court granted Plaintiff's motion for a default judgment with regard to this promissory note on the issue of liability but denied it on the issue of damages.  *See id.*

In compliance with the Court's March 30, 2009 Memorandum-Decision and Order, Plaintiff filed an affirmation renewing his motion with respect to the September 2005 oral agreement and filed documentation regarding the issue of damages with respect to the September 4, 2006, and September 27, 2006 promissory notes. *See* Dkt. No. 10. In his affirmation, Plaintiff stated that, "[a]t the time of the Oral Agreement dated September 30, 2005 . . . and the Promissory Note dated September 4, 2006 . . . both [he] and the Defendant lived in Summerville, South Carolina . . . ." *See* Undated Affirmation of Dr. Ernest Barbosa at ¶ 2. He also claimed that, "[t]hereafter, the Defendant moved to Tulsa, Oklahoma and the proceeds from [sic] September 26, 2006 Promissory Note . . . were to be used by the Defendant to assist her in purchasing a home in Tulsa." *See id.* at ¶ 3. Plaintiff further asserted that "Defendant then moved to New York and . . . was licensed to practice medicine on or about June 15, 2007 . . . and [was] listed in a group practice with three (3) other Psychiatrists in the Glenn [sic] Falls Hospital." *See id.* at ¶ 4. Finally, Plaintiff contended that, "[u]pon information and belief, the Defendant began practicing medicine full time on the date she was so licensed . . . [and that] . . . Defendant ha[d] made no payments whatsoever on the three (3) loans that are the subject of this litigation." *See id.* at ¶ 5.

## III. DISCUSSION

A.      **The September 2005 oral agreement – $25,000.00 loan**

Since both Plaintiff and Defendant were residents of South Carolina at the time that they entered into the September 2005 oral agreement, this Court must apply South Carolina law to

determine the viability of that agreement.[3]   South Carolina's Statute of Frauds bars an oral

agreement "if it is incapable of being performed within one year."   *Roberts v. Gaskins*, 486

S.E.2d 771, 774 (S.C. Ct. App. 1997) (citation omitted).   Furthermore, "the Statute of Frauds

applies only to contracts which are impossible of performance within one year."   *Id.* (citation

omitted).   Thus, "[i]f there is a possibility of performance within a year, the contract is not barred

by the Statute of Frauds."   *Id.* (citation omitted).   Finally, "[t]he fact that performance within a

year is highly improbable or not expected by the parties does not bring a contract within the

scope of [the Statute of Frauds]."   *Id.* (citation omitted).

        In the present case, it was not impossible – although it might have been highly

improbable – that Defendant would have repaid the $25,000.00 loan to Plaintiff within one year.

Therefore, the Court finds that South Carolina's Statute of Frauds does not bar the September

2005 oral agreement and, therefore, that oral agreement is valid.

        With regard to the issue of prejudgment interest, South Carolina "'law allows

prejudgment interest on obligations to pay money from the time when, either by agreement of

the parties or operation of law, the payment is demandable, if the sum is certain or capable of

being reduced to certainty.'"   *QHG of Lake City, Inc. v. McCutcheon*, 600 S.E.2d 105, 109 (S.C.

Ct. App. 2004) (quoting *Babb v. Rothrock*, 310 S.C. 350, 353, 426 S.E.2d 789, 791 (1993))

(other citation omitted).   In South Carolina, the statutory basis for prejudgment interest is found

---

        [3] In its March 30, 2009 Memorandum-Decision and Order, the Court cited New York
law.   At that time, the Court was not aware that Plaintiff and Defendant resided in South
Carolina when they entered into the oral agreement.   In his complaint, Plaintiff stated that he was
a resident of Pennsylvania and that Defendant was a resident of New York.   *See* Complaint at
¶¶ 2-3.   However, whether the Court applies New York law or South Carolina law, the result is
the same because New York's Statute of Frauds, *see* N.Y. Oblig. Law § 5-701, and South
Carolina's Statute of Frauds, *see* S.C. Code Ann. § 32-3-10, are substantially the same.

in Section 34-31-20(A) of the South Carolina Code, which provides that, "'[i]n all cases of accounts stated and in *all* cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum.'"  *Id.* (quoting S.C. Code Ann. § 34-31-20(A) (1987)).

In this case, Plaintiff acknowledges that he and Defendant did not agree on the rate of interest that was to accrue on the $25,000.00 loan that was the subject of the oral agreement. Therefore, the Court will use the statutory rate of 8-3/4% per annum to calculate the prejudgment interest.  In addition, because the parties did not set a specific repayment schedule for the $25,000.00 loan, the Court concludes that it was payable on demand.

The first issue with regard to this oral agreement is determining when Plaintiff demanded payment.  Plaintiff calculates the interest as if he demanded payment on the same day he made the loan in September 2005.[4]  This is not logical.  Therefore, absent any evidence in the record as to when, if ever, Plaintiff demanded repayment prior to the date on which he filed this action, the Court will use the date on which Plaintiff filed this action – **August 11, 2008** – as the date of demand.

Using August 11, 2008, as the starting date for calculating the interest that accrued on the unpaid balance of this loan, the amount due and owing (principal and interest) as of **June 11,**

───────────────

[4] The Court also notes that there is some confusion about the exact date on which Plaintiff and Defendant entered into the oral agreement.  In his motion for entry of a default judgment, Plaintiff uses the date of "September 1, 2005," as the date of the loan, at least for purposes of calculating prejudgment interest.  However, in his complaint, he states that, "in or around September of 2005, the Plaintiff lent the sum of $25,000.00 to the Defendant."  *See* Complaint at ¶ 10.  Furthermore, in his Affirmation in support of his renewed motion for entry of a default judgment, Plaintiff states that the date of the Oral Agreement was September 30, 2005. *See* Undated Affirmation of Ernest Barbosa at ¶ 2.

**2010**, the date on which the Court will enter judgment in this case, is **$29,014.00**, calculated as

follows:

| | |
|---|---:|
| Amount due as of Aug. 11, 2008 | $25,000.00 |
| Number of days from Aug. 11, 2008, until June 11, 2010 | 669 |
| Daily interest rate (8.75%/365) | 0.024% |
| Daily interest due (.024% * $25,000.00) | $6.00 |
| Total prejudgment interest due through June 11, 2010 | $4,014.00 |
| Total Due to Plaintiff through June 11, 2010 | **$29,014.00** |

**B.        September 4, 2006 Promissory Note – $100,000.00 loan**

        With regard to the September 4, 2006 promissory note, the parties agreed to an interest

rate of 5% per annum; therefore, the Court will use this rate to calculate the prejudgment interest

that has accrued on the unpaid balance of this loan.  *See QHG of Lake City, Inc.*, 600 S.E.2d at

111 (finding that the special referee had "correctly calculated interest in accordance with each

note's terms from their respective date of execution").

        Having reviewed Plaintiff's interest calculation, the Court finds that it is incorrect.  The

first problem with this calculation is semantic.  Plaintiff refers to "prejudgment" interest to

indicate the interest that accrued on the loan from the time when the first monthly payment was

due (September 15, 2007) until the time that he filed this action (August 11, 2008).  This is not

"prejudgment" interest.  Prejudgment interest is the amount of interest that has accrued on the

total amount that was due to Plaintiff on August 11, 2008, the date he filed this action, until the

date that this Court enters judgment.  Plaintiff does not calculate the amount of interest that has

accrued during this latter time period, other than to state what he believes is the per diem interest

amount.

        In addition, in calculating the interest due on the loan, Plaintiff multiplied the total

-8-

principal amount of the payments that were due to him as of August 11, 2008, i.e., the eleven

monthly payments from September 15, 2007, through July 15, 2007, on which Defendant had

defaulted, and then calculated the interest on that total amount as if Defendant had owed him the

full amount since September 15, 2007.  In effect, Plaintiff calculated the interest as if the

promissory note provided for compound interest rather than simple interest.  However, South

Carolina law does not permit such a calculation in this case because the promissory note did not

specifically provide for compound interest, and South Carolina does not allow for compounding

prejudgment interest.  *See Liberty Mut. Ins. Co. v. Year Round Pool, Inc.*, No. 96-1019, 1996

WL 741119 (4th Cir. 1996) (stating that "no South Carolina statute allows for compounding

prejudgment interest"); *Rhodus v. Goins*, 123 S.C. 645 (S.C. 1924) (holding that "[a] promissory

note that calls for interest at 8 per cent per annum calls for simple interest only, and it is error to

compound interest on the same").

   In light of the above-cited legal principles, the Court has recalculated the interest owed

on the monthly payments on which Defendant had defaulted prior to August 11, 2008.

| Date Payment Due | Amount of Principal Due | Daily Interest using daily interest rate of .014% (5%/365) (.014% * Principal Due) | # of days that payment is past due as of Aug. 11, 2008 | Total Interest accrued from date payment due through Aug. 11, 2008 | Total Principal and Interest due as of Aug. 11, 2008 |
|---|---|---|---|---|---|
| 9/15/07 | $1,000.00 | $0.14 | 329 | $46.06 | $1,046.06 |
| 10/15/07 | $1,000.00 | $0.14 | 299 | $41.86 | $1,041.86 |
| 11/15/07 | $1,000.00 | $0.14 | 268 | $37.52 | $1,037.52 |
| 12/15/07 | $1,000.00 | $0.14 | 238 | $33.32 | $1,033.32 |

| 1/15/08 | $1,000.00 | $0.14 | 207 | $28.98 | $1,028.98 |
| 2/15/08 | $1,000.00 | $0.14 | 176 | $24.64 | $1,024.64 |
| 3/15/08 | $1,500.00 | $0.21 | 148 | $31.08 | $1,531.08 |
| 4/15/08 | $1,500.00 | $0.21 | 117 | $24.57 | $1,524.57 |
| 5/15/08 | $1,500.00 | $0.21 | 87 | $18.27 | $1,518.27 |
| 6/15/08 | $1,500.00 | $0.21 | 56 | $11.76 | $1,511.76 |
| 7/15/08 | $1,500.00 | $0.21 | 26 | $5.46 | $1,505.46 |
| Totals | $13,500.00 | | | $303.52 | **$13,803.52** |

Now that the Court has determined the total amount that Defendant owed Plaintiff on the date that he filed this action, it can calculate the prejudgment interest that has accrued on that amount from August 11, 2008, until June 11, 2010, the date on which the Court will enter judgment in this action.

| | |
|---|---:|
| Amount of Principal & Interest due as of Aug. 11, 2008 | $13,803.52 |
| Number of days from Aug. 11, 2008, until June 11, 2010 | 669 |
| Daily interest rate (5%/365) | 0.014% |
| Daily interest due (0.014% * $13,803.52) | $1.93 |
| Total prejudgment interest due (669 * $1.93) | $1,291.17 |
| Total Due to Plaintiff through June 11, 2010 | **$15,094.69** |

## C.    September 27, 2006 Promissory Note – $37,000.00 loan[5]

With respect to the September 27, 2006 promissory note, the parties agreed to an interest rate of 6% per annum.  Thus, this is the rate that the Court will use to calculate the interest that accrued on each of the payments on which Defendant defaulted prior to the time that Plaintiff filed this action, beginning with the February 1, 2007 payment through the August 1, 2008

---

[5] As was the case with the September 4, 2006 promissory note, the September 27, 2006 promissory note did not provide for compound interest.

-10-

payment.  The Court will also use this rate to calculate the prejudgment interest that has accrued

on the total amount that Defendant owed to Plaintiff on August 11, 2008, through June 11, 2010,

the date on which the Court will enter judgment in this case.

| Date Payment Due | Amount of Principal Due | Daily Interest using daily interest rate of .016% (6%/365) (.016% * Principal Due) | # of days that payment is past due as of Aug. 11, 2008 | Total Interest accrued from date payment due through Aug. 11, 2008 | Total Principal and Interest due as of Aug. 11, 2008 |
|---|---|---|---|---|---|
| 2/1/07 | $1,000.00 | $0.16 | 556 | $88.96 | $1,088.96 |
| 3/1/07 | $1,000.00 | $0.16 | 528 | $84.48 | $1,084.48 |
| 4/1/07 | $1,000.00 | $0.16 | 497 | $79.52 | $1,079.52 |
| 5/1/07 | $1,000.00 | $0.16 | 467 | $74.72 | $1,074.72 |
| 6/1/07 | $1,000.00 | $0.16 | 433 | $69.28 | $1,069.28 |
| 7/1/07 | $1,000.00 | $0.16 | 406 | $64.96 | $1,064.96 |
| 8/1/07 | $1,000.00 | $0.16 | 375 | $60.00 | $1,060.00 |
| 9/1/07 | $1,000.00 | $0.16 | 344 | $55.04 | $1,055.04 |
| 10/1/07 | $1,000.00 | $0.16 | 314 | $50.24 | $1,050.24 |
| 11/1/07 | $1,000.00 | $0.16 | 283 | $45.28 | $1,045.28 |
| 12/1/07 | $1,000.00 | $0.16 | 253 | $40.48 | $1,040.48 |
| 1/1/08 | $1,000.00 | $0.16 | 222 | $35.52 | $1,035.52 |
| 2/1/08 | $1,000.00 | $0.16 | 191 | $30.56 | $1,030.56 |
| 3/1/08 | $1,000.00 | $0.16 | 163 | $26.08 | $1,026.08 |
| 4/1/08 | $1,000.00 | $0.16 | 132 | $21.12 | $1,021.12 |
| 5/1/08 | $1,000.00 | $0.16 | 102 | $16.32 | $1,016.32 |
| 6/1/08 | $1,000.00 | $0.16 | 71 | $11.36 | $1,011.36 |
| 7/1/08 | $1,000.00 | $0.16 | 41 | $6.56 | $1,006.56 |

| 8/1/08 | $1,000.00 | $0.16 | 10 | $1.60 | $1,001.60 |
|--------|-----------|-------|-----|-------|-----------|
| Totals | $19,000.00 | | | $862.08 | **$19,862.08** |

Now that the Court has calculated the amount that Defendant owed Plaintiff on the date that he filed this action, it can calculate the prejudgment interest that has accrued on that amount from August 11, 2008, until June 11, 2010, the date on which the Court will enter judgment in this action.

| | |
|---|---:|
| Amount of Principal & Interest due as of Aug. 11, 2008 | $19,862.08 |
| Number of days from Aug. 11, 2008 until June 11, 2010 | 669 |
| Daily interest rate (6%/365) | 0.016% |
| Daily interest due (0.016% * $19,862.08) | $3.18 |
| Total prejudgment interest due (669 * $3.18) | $2,127.42 |
| Total Due to Plaintiff through June 11, 2010 | **$21,989.50** |

## IV. CONCLUSION

After carefully considering the entire file in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of **$66,098.19**[6] plus post-judgment interest at the rate provided

---

[6] The total judgment of **$66,098.19** is comprised of the **$29,014.00** that Defendant owes Plaintiff with respect to the amount that Plaintiff loaned her pursuant to the September 2005 oral agreement, the **$15,094.69** that Defendant owes Plaintiff under the terms of the September 4, 2006 promissory note, and the **$21,989.50** that Defendant owes Plaintiff under the terms of the September 27, 2006 promissory note, inclusive of prejudgment interest from August 11, 2008, the date on which Plaintiff filed this action, through June 11, 2010, the date on which the Court will enter judgment in this action.

for in 28 U.S.C. § 1961;[7] and the Court further

      **ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order and

the Judgment in this case on Defendant by regular mail and shall file a certificate of service with

the Court indicating that he has done so.

**IT IS SO ORDERED.**


Dated: June 11, 2010
        Syracuse, New York


Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

    [7] "[T]he federal post-judgment interest rate provided for in 28 U.S.C. § 1961 applies in diversity cases." *FCS Advisors, Inc. v. Fair Fin. Co., Inc.*, No. 09-2609-cv, — F.3d —, 2010 WL 2025529, *2 (2d Cir. May 24, 2010) (per curiam) (citations omitted).